UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-146-FDW
(3:15-cr-73-FDW-DCK-1)

| | | |
|---|---|---|
| JIMMY LEE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Rule 60(b) Motion to Reinstate," (Doc. No. 12), in which he asks the Court to reconsider its Order dismissing his Motion to Vacate filed pursuant to 28 U.S.C. § 2255. See (Doc. No. 9). Relief will be granted, the case will be reopened, and the Government will be required to respond to the Amended § 2255 petition.

Petitioner filed a § 2255 Motion to Vacate on February 18, 2018, but failed to address the applicable one-year statute of limitations. (Doc. No. 1). On May 18, 2018, the Court ordered Petitioner to file an Amended § 2255 petition addressing the statute of limitations by June 4, 2018. (Doc. No. 3). On June 6, the Court granted Petitioner a 20-day extension of time. (Doc. No. 6). On July 9, 2018, an Order was docketed that dismissed the § 2255 petition as time-barred. (Doc. No. 9). However, Petitioner had filed an Amended § 2255 petition pursuant to the prisoner mailbox rule on June 23, 2018, before the Order of dismissal was docketed. See (Doc. No. 7). Petitioner now requests reconsideration of the Order dismissing his § 2255 petition as time-barred. (Doc. No. 12).

1

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to

2

accomplish justice" in "situations involving extraordinary circumstances." <u>Dowell v. State Farm Fire Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Petitioner timely filed the instant Rule 60(b) Motion and correctly asserts that he complied with the Court's May 18 and June 6 Orders by timely filing an Amended § 2255 petition pursuant to the prisoner mailbox rule. Therefore, the Court will vacate its Order dismissing the § 2255 petition, (Doc. No. 9), and the Clerk's Judgment, (Doc. No. 10), and this case will be reopened.

Upon consideration of the Amended § 2255 petition and the record of prior proceedings, the Court determines that the United States Attorney should file a response to Petitioner's allegations. The Court will direct that the United States file an Answer or other responsive pleading in this case within **sixty (60) days** from entry of this Order.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's "Rule 60(b) Motion to Reinstate," (Doc. No. 12), is **GRANTED**.

(2) The Order and Clerk's Judgment entered on July 9, 2018, (Doc. Nos. 9, 10), are **VACATED.**

(3) The Clerk of Court is instructed to reopen this case.

(4) No later than **sixty (60) days** from entry of this Order, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Amended § 2255 petition.

Signed: October 18, 2018

Frank D. Whitney
Chief United States District Judge